**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

**JAMES LUECKE,**

        **Plaintiff,**

  **vs.**                                                   **Case No. 05-C-0403**

**GENERAL ELECTRIC COMPANY, and
SASHA NEUENSCHWANDER,**

        **Defendant.**

## DECISION AND ORDER

        James Luecke ("Luecke") interviewed for a job with General Electric ("GE"),[1] but GE never made him an offer. Luecke is now suing GE and one of its senior administrators in human resources, Sasha Neuenschwander ("Neuenschwander"), for discriminatory hiring practices, alleging that GE did not hire him because he is male. This lawsuit has stumbled out of the gate, however, because GE did not answer in time.

        On April 8, 2005, Luecke served the summons and complaint on GE at its offices in Waukesha, Wisconsin. An employee of GE's legal department accepted service that day, but did not forward the summons and complaint to GE's in-house counsel until April 12, 2005. Typically at GE (or so the Court is told), summonses and complaints are forwarded to in-house counsel either on the day they are received or on the following day. So when GE's in-house

---

[1] Luecke named "GE Healthcare" as a defendant rather than General Electric Company. GE Healthcare is a unit of GE; it is not a legal entity unto itself. The proper defendant in this action is GE and the caption has been amended accordingly.

counsel received the summons and complaint on April 12, she assumed that GE had been served no sooner than April 11, 2005. Perpetuating that mistake, GE tendered defense to its outside counsel and informed outside counsel that it had been served on April 11. Taking GE at its word, outside counsel did not independently verify the date of service.

The mix-up is not insignificant because the Federal Rules of Civil Procedure require a defendant to answer within twenty days of being served or risk entry of default. *See* Fed. R. Civ. P. 12 & 55. GE's answer should have been filed by April 28, 2005, twenty days after it was served. *See* Fed. R. Civ. P. 6. Instead, GE filed its answer on May 2, 2005, twenty days after it *believed* it had been served and twenty-four days after it had actually been served. When GE did not file on time, Luecke quickly requested that the clerk enter default against GE. That was Friday, April 29, 2005 (one day after GE's answer was due), and on Monday May 2, 2005—the day that GE filed its answer—the clerk entered default against GE. Several days went by before GE learned of the entry of default.[2] But when it did—on May 13, 2005—GE moved quickly to rectify the situation. By May 16, 2005, GE had moved the Court to set aside the clerk's entry of default. That motion is now before the Court and, for the reasons set forth below, is granted.

### *I. Analysis*

Federal Rule of Civil Procedure 55(c) authorizes this Court to set aside the entry of default against a party "for good cause shown." Indeed, federal courts have long favored

---

[2]GE suggests that it cannot be blamed for its delay in learning of the default because no one notified GE that it had defaulted. That will not do. GE filed its answer after default had been entered. GE filed its answer at 3:36 p.m. Central Daylight Time on May 2, 2005; default was entered that same day at 11:03 a.m. Central Daylight Time. GE could have looked at the docket to see that default had already been entered. In any event, GE is responsible for keeping track of developments in the litigation.

disposing of cases on their merits rather than through default mechanisms. *North Cent. Ill. Laborers' Dist. Council v. S.J. Groves & Sons Co.*, 842 F.2d 164, 167 (7th Cir. 1988) (citing *Passarella v. Hilton Int'l Co.*, 810 F.2d 674, 675 (7th Cir. 1987)); *Bieganek v. Taylor*, 801 F.2d 879, 881 (7th Cir. 1986); *Inryco, Inc. v. Metro. Eng'g Co.*, 708 F.2d 1225, 1232 (7th Cir. 1983). To have an entry of default set aside, a defendant must show that it: (1) had a good cause for its default, (2) took quick action to correct its default, and (3) has a meritorious defense. *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994); *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1401 (7th Cir. 1993); *Merrill Lynch Mortgage Corp. v. Narayan*, 908 F.2d 246, 252 (7th Cir. 1990); *United States v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir. 1989).

**A. Good Cause**

Relief from entry of default first requires a showing of good cause, an elastic concept to be sure. District courts have considerable discretion in determining what constitutes good cause. *See, e.g.*, *Pretzel & Stouffer*, 28 F.3d at 45 (noting that court has abused its discretion only when no reasonable person could agree with district court's judgment); *Merrill Lynch*, 908 F.2d at 250-51 (same). Good cause is a standard quite similar to, if not indistinguishable from, excusable neglect. *Conn. Nat'l Mortgage v. Brandstatter*, 897 F.2d 883, 885 (7th Cir. 1990). The Supreme Court has held that excusable neglect contemplates precisely what the words imply: human error or carelessness that may be forgiven under the circumstances. *See Pioneer Inv. Servs. v. Brunswick Assocs.*, 507 U.S. 380 (1993); *see also Lorenzen v. Employees Retirement Plan of the Sperry & Hutchinson Co.*, 896 F.2d 228, 232 (7th Cir. 1990)

("If the mistake is slight, nonprejudicial, easily understandable, could happen to the best of us, etc." then ending the lawsuit altogether could be a harsh result). In short, the good cause analysis comes down to this: although GE erred, is the error forgivable in light of the circumstances?

Despite the flexible good cause standard, the Seventh Circuit has held that "routine back-office problems" are not high on the list of excuses amounting to good cause. *See, e.g.*, *Pretzel & Stouffer*, 28 F.3d at 45-46; *cf. Conn. Nat'l Mortgage*, 897 F.2d at 884-85. Certainly, such back-office problems do not "*require* a district judge to relieve a party" from entry of default. *Conn. Nat'l Mortgage*, 897 F.2d at 885. Nevertheless, the Court *may* relieve a party from entry of default for back-office errors if, considering the totality of the circumstances, the Court believes in its sound discretion that good cause has been shown. Such exercises of discretion are likely to be infrequent.

GE's error is the sort of back-office problem that is not high on any list of "good cause" excuses, but in this case the Court finds that GE has established good cause. GE's mistake was an honest one, not willful or in bad faith.[3] Aside from the oversight/miscommunication surrounding the date of service, GE moved right on schedule. It believed it was served on April 11, 2005, and based on that date it answered in a timely fashion.[4] Even GE's incorrect date was

---

[3]Luecke maintains that GE acted in bad faith throughout the hiring process, in proceedings before the EEOC, and now in these proceedings. The first accusation assumes the truth of Luecke's claims in this lawsuit and, in any event, would be inappropriate for the Court to consider at this juncture. The second accusation involves proceedings outside of this lawsuit; they are irrelevant to this determination. Finally, the Court disagrees with Luecke's final accusation that GE has, thus far, exhibited any bad faith in its actions here.

[4]Twenty days after April 11, 2005, was actually May 1, 2005, but that was a Sunday. Because the final day of the period was a Sunday, GE's answer would not have been due until Monday, May 2, 2005. *See* Fed. R. Civ. P. 6(a).

-4-

only four days beyond the correct day.[5] *Compare with Pretzel & Stouffer*, 28 F.3d 45-46 (defendant failed to answer for four weeks after filing deadline and failed to appear at a status hearing); *Conn. Nat'l Mortgage*, 897 F.2d at 884 (defendant failed to answer original complaint at all and then was over seventy days late answering amended complaint). Despite its early stumble, GE has given every indication that it intends to participate in this lawsuit. Its excuse may not be the "best cause" but, in this case, it is good enough (this time).

Let this be a caution to litigants, however. By increasing bureaucracy, by handing things off from one person to the next to the next, by increasing the opportunities for errors to occur, parties do not improve their chances for satisfying the good cause standard. To the extent reasonable, streamlining operations and facilitating direct communication between lawyers and clients will help avoid the type of confusion that occurred here.

The confusion in this case, both within GE and between GE and its outside counsel, is particularly baffling. GE says that it assumed process had been served on April 11, 2005, because typically the person who receives legal process delivers it to an in-house lawyer the day it is received or the day after. GE's assumption places great faith in a low-tech system. It would not take much more effort (or technology) to time-and-date stamp the process the moment it arrives. And such a system might be more reasonable for a lawyer to rely on. But the misplaced reliance does not stop with GE's in-house counsel. GE's outside counsel—surely very capable in all respects—come from a reputable Milwaukee law firm and should have verified the date of

---

[5]GE emphasizes that it was only three days late, but GE's math is suspect. The answer was due on Thursday, April 28, 2005. The answer would have been one day late on Friday, April 29, 2005; two days late on Saturday April 30, 2005; and three days late on Sunday, May 1, 2005. But the answer came four days late on Monday May 2, 2005. Indeed, there is no way to escape this conclusion: following the counting rules of Federal Rule of Civil Procedure 6(a) there are 24 days between April 8, 2005, and May 2, 2005.

service themselves. Everyone makes mistakes; this one was excusable, but certainly the lawyers involved here will look for more concrete evidence of service from now on (e.g., signed and dated summons (a scanned-in version of which is available on the Court's electronic docket), time-and-date stamped summonses and complaints, etc.).

**B. Quick Action to Correct Default**

A defendant seeking to have entry of default set aside also must take quick action to cure its default. *Merrill Lynch Mortgage*, 908 F.2d at 252. No matter what the standard, GE took quick action to set aside entry of default. GE filed its motion just days after it became aware of the entry of default. There can be no serious debate on whether GE moved quickly—it did.[6]

**C. Meritorious Defense**

Finally, GE must show that it has a meritorious defense. "A meritorious defense requires more than a general denial and bare legal conclusions." *Pretzel & Stouffer*, 28 F.3d at 46 (citing *Breuer Elec. Manuf. Co. v. Toronado Sys. of America*, 687 F.2d 182, 186 (7th Cir. 1982)). Such a defense must be "supported by a developed legal and factual basis," but it need not be one that would, "beyond a doubt," defeat a default judgment. *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994). "A defense is meritorious if it is good at law so as to give the factfinder some determination to make"; its truth is for another day. *Bieganek v. Taylor*, 801 F.2d 879, 882 (7th Cir. 1986).

Luecke complains that GE did not hire him because of his gender. In response, GE raises issues of fact that go beyond mere denials of Luecke's allegations. Specifically, GE

---

[6] Luecke does not contest that GE moved quickly to correct default. Instead, he invites the Court not to relieve GE *despite* its quick action.

says it had legitimate non-discriminatory reasons for not hiring Luecke and that, in fact, it hired males to fill the position Luecke sought. GE has raised a defense that is meritorious at law because it is sufficient to give the factfinder some determination to make.

### *II. Time for Answering*

There is another matter that must be addressed, though neither party raised it. GE apparently (and mistakenly) believes that if the entry of default is set aside, its answer will properly be on file, even though the answer was filed late. Yet simply filing the answer after the time for filing has passed does not cure the problem. When a party fails to meet a deadline established by the Federal Rules of Civil Procedure, it must request an enlargement of time within which to comply. *See* Fed. R. Civ. P. 6(b). The party may know even before the time has run that it will be unable to comply with the deadline, and in such cases the party may seek an enlargement of time and the Court may order the period enlarged without motion or notice. *Id.* But when a party seeks enlargement after the time prescribed by the rule has run, the party must do so by motion. *Id.* GE falls into this latter category of litigants seeking enlargement after the prescribed period has run. GE should have filed a motion seeking enlargement of the time within which to answer, but it did not.

It is clear that GE meant not only to have the entry of default set aside, but to engage itself in this lawsuit. Obviously, GE also wishes to have its answer accepted, otherwise GE could find itself in default again. Consequently, the Court will construe GE's Motion to Set Aside Entry of Default also as a motion to enlarge the time for answering.

The Federal Rules of Civil Procedure permit the enlargement of time after the specified period has run when (1) cause is shown and (2) "the failure to act was the result of excusable neglect." Fed. R. Civ. P. 6(b)(2).[7] The Court is satisfied that GE has shown cause. GE's mistake was not willful or in bad faith. GE has demonstrated its intent to participate fully in this litigation. Assuming its mistaken date had been the correct date, GE's answer would have been timely filed. Moreover, GE has worked quickly to rectify its error. If not allowed an enlarged time for answering, GE would be in the same position it was when it brought its motion to set aside entry of default: not having answered and facing entry of default followed by default judgment. This litigation is just getting underway and such a harsh result—that could lead to default judgment—this early is draconian, indeed.

To determine whether excusable neglect exists under Rule 6(b), the Court considers all relevant circumstances including the prejudice to Luecke, the effect on the proceedings, the reason for the delay, and whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 390-95 (1993) (discussing "excusable neglect" in context of Bankruptcy Rule 9006(b) and noting, at some length, that Bankruptcy Rule 9006(b) is based on, and interpreted like, Federal Rule of Civil Procedure 6(b)); *Crue v. Aiken*, 370 F.3d

---

[7] In its entirety, Federal Rule of Civil Procedure 6(b) reads:

When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d) and (e), and 60(b), except to the extent and under the conditions stated therein.

Fed. R. Civ. P. 6(b).

668, 681 (7th Cir. 2004) (setting out factors in Rule 6(b) context and citing *Pioneer Inv. Servs.*). To be sure, the excusable neglect analysis under Rule 6(b) is virtually identical to the good cause analysis of Rule 55, in which the Court earlier engaged. *See Conn. Nat'l Mortgage*, 897 F.2d at 885 (noting that good cause under Rule 55 is practically indistinguishable from excusable neglect under Rule 60) *and Pioneer Inv. Servs.*, 507 U.S. at 393-95 (noting that excusable neglect standard of Rule 60 parallels excusable neglect standard of Fed. R. Civ. P. 6(b)).

For the same reasons that the Court found GE demonstrated good cause, the Court finds that GE has demonstrated excusable neglect under Rule 6(b). The four-day delay was minimal and Luecke has hardly been prejudiced by this, if at all—a fact that even Luecke admits. (*See* Pl.'s Opp. to Def.'s Rule 55(c) Mot. ¶ 4.) In addition, Luecke would have to continue pressing his lawsuit against Sasha Neuenschwander either way, since her answer was timely filed.[8] The short delay has also had no effect on the proceedings. Nothing of significance has been disrupted (though this is not to suggest it is unimportant to answer on time). The reason for the delay was GE's internal confusion in handing off the summons and complaint. The delay may represent carelessness, but it does not demonstrate bad faith or willfulness. To reiterate, these sort of back-office problems are not typically something upon which litigants should rely, but in this case the short delay (four days) and the alacrity with which GE moved to correct its error suggest that GE's error was, indeed, neglect and that it should be excused. *See Pioneer Inv. Servs.*, 507 U.S. at 390-95 (suggesting that natural reading of "excusable neglect" is flexible

---

[8] Luecke maintains that Neuenschwander, like GE, was served on April 8, 2005, and that, like GE, her answer was due on April 28, 2005. Luecke's position is belied by the record, however, because the proof of service on file with the Court unmistakably indicates that Neuenschwander was served on April 12, 2005. Thus, Neuenschwander's answer was not due until the day it was filed, May 2, 2005.

enough to contemplate not only circumstances outside of the movant's control, but circumstances within movant's control as well).

### III. Conclusion

GE has satisfied the Court that entry of default should be set aside. GE has shown good cause for its default—though, to be sure, not *great* cause, and one on which it ought not plan to rely regularly in the future. GE has also moved indisputably quickly to correct its default. Finally, GE has demonstrated a meritorious defense at law. Accordingly, the Court sets aside entry of default. In addition, the Court finds that GE showed cause for enlarging the time for answering and that GE's failure to answer was the result of excusable neglect—again, not the kind that is likely to be excused if repeated. Consequently, the time for GE's answer is retroactively enlarged by five days.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Defendant GE's Rule 55(c) Motion to Set Aside Entry of Default [Docket No. 14] is **GRANTED.**

Defendant GE is **GRANTED** an additional five days within which to answer, pursuant to Federal Rule of Civil Procedure 6(b), and thus, GE's answer is accepted as timely filed.

Luecke's Motion for Judgment by Default by the Court [Docket No. 25] is **DISMISSED** as moot.

Dated at Milwaukee, Wisconsin this 18th day of July, 2005.

**BY THE COURT**

**s/ Rudolph T. Randa**

**Hon. Rudolph T. Randa**
**Chief Judge**